UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x   13 CV 01229(FB)(RML)

JACOB M. POSNER, individually and on
behalf of all others similarly situated,

                Plaintiff

       -against-                                          ANSWER

RUBIN & ROTHMAN, LLC,

                Defendant
-----------------------------------------------------------x

Defendant, RUBIN & ROTHMAN, LLC ("Defendant"), by its attorney ROBERT L. ARLEO, ESQ., answering the Plaintiff's Complaint dated March 8, 2013 ("hereinafter Plaintiff's Complaint"), sets forth as follows:

1. In regard to the allegations set forth in paragraph 1 of Plaintiff's Complaint, admit that the herein action was commenced under the Fair Debt Collection Practices Act (hereinafter "FDCPA") but otherwise deny that the Defendant committed any violations of the FDCPA.

2. In regard to the allegations set forth in paragraphs 8 and 9 of the Plaintiff's Complaint, leave to the Court all determinations in regard to proper jurisdiction and venue.

3. Admit the allegations set forth in paragraphs 2, 3, 4, 5, 6, 7, 10 14, 15 and 18 of the Plaintiff's Complaint.

4. In regard to the allegations set forth in paragraph 11 of the Plaintiff's Complaint, admit that the Defendant sent the subject letter dated March 8, 2012 to the Plaintiff but otherwise deny that the letter violates the FDCPA. In regard to the allegations set forth in said paragraph 11 of the Plaintiff's Complaint which recite alleged holdings from certain FDCPA decisions, refer to those case citations set forth therein for the accuracy of the alleged case holdings. Further, the FDCPA cases set forth in paragraph 11 of the Plaintiff's Complaint are inapplicable to the letter sent by the Defendant as none of these cases considered the issue of "materiality" in regard to the 1692e claims alleged in the complaints analyzed in said cases.

5. In regard to the allegations set forth in paragraph 13 of the Plaintiff's Complaint, admit that those sections of the FDCPA referenced therein stand for the premises stated therein but deny that the letter sent by the Defendant violates the FDCPA or any of the specific sections of the FDCPA which are cited in said paragraph 13. In regard to the allegations set forth in said paragraph 13 of the Plaintiff's Complaint which recite alleged holdings from certain FDCPA decisions, refer to those case citations set forth therein for the accuracy of the alleged case holdings. Further, the FDCPA cases set forth in paragraph 13 of the Plaintiff's Complaint are inapplicable to the letter sent by the Defendant as none of these cases considered the issue of "materiality" in regard to the 1692e claims alleged in the complaints analyzed in said cases.

6. In regard to the allegations set forth in paragraph 17 of the Plaintiff's Complaint deny that the Defendant shares technology with any person or entity and denies that the Defendant uses "mailing houses."

7. Deny the allegations set forth in paragraphs 12, 16, 19, 37 and 38 of the Plaintiff's Complaint.

8. In regard to the alleged class action allegations set forth in paragraphs 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35 and 36 of the Plaintiff's Complaint deny that the herein action can satisfy the requirements for class certification as same are set forth in Fed. R. Civ. P. 23.

9. In regard to the allegations set forth in paragraph 30 of the Plaintiff's Complaint refer to each and every paragraph set forth heretofore herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

10. The Plaintiff failed to mitigate his alleged actual damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

11. The Fair Debt Collection Practices Act (FDCPA) is designed to provide information that helps consumers chose intelligently and by definition immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect).

12. A statement cannot mislead unless it is material, so a false but not material statement is not actionable under the FDCPA.

13. The herein Plaintiff does not allege any substantial error with respect to how his debt is set forth in the collection letter for which he complains.

14. The Plaintiff further fails to allege that she relied upon or was misled by the "Attorneys at Law" reference set forth in the collection letter for which she complains.

15. The Plaintiff does not deny the existence of the amount of the debt set forth in the collection letter.

16. The Plaintiff's Complaint does not set forth a denial that Plaintiff owed the debt nor does he claims that the Defendant misstated or misrepresented the amount which he owed.

17. The Plaintiff's Complaint fails to allege that the letter influenced his decision or ability to pay or challenge the debt.

18. As a result of all of the foregoing the best the Plaintiff can hope to prove is that the letter contains a false but not material statement that is not actionable under the FDCPA.

DEMAND FOR TRIAL BY JURY

19. If any pre-trial dispositive motion which may be filed by the Defendant is denied, the Defendant will demand a trial by jury in this matter.

DATED: March 29, 2013

/ s /    *Robert L. Arleo*
ROBERT L. ARLEO, ESQ.
 (RA 7506)
Attorney for the Defendant
380 Lexington Avenue
17th Floor
New York, New York  10168
(212) 551-1115

TO: LAW OFFICES OF DAVID PALACE
    383 Kingston Ave.  #113
    Brooklyn, New York   11213